UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON JOSEPH RODRIGUE | CIVIL ACTION |
| VERSUS | NUMBER: 20-1811 |
| RICHARD PETIE NEAL, ET AL. | SECTION: "G"(5) |

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of Defendant, Richard Petie Neal. (Rec. doc. 15). Plaintiff has filed no memorandum in response to Defendant's motion. Separately, the Court has also had the opportunity to preliminarily screen Plaintiff's complaint as required by 28 U.S.C. §1915A. For the reasons that follow, it is recommended that Defendant's motion be dismissed as moot and that Plaintiff's suit be dismissed without prejudice for failure to exhaust available prison administrative remedy procedures ("ARP"), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.

Plaintiff is an inmate of the Terrebonne Parish Criminal Justice Complex ("TPCJC") who relates testing positive for COVID-19 in April of 2020 after coming into contact with a correctional officer who was infected with the virus. (Rec. doc. 1, p. 4). Plaintiff complains of the efficacy of the measures in place at that facility to address the ongoing pandemic as well as the treatment that is afforded to inmates like himself who have been affected. (*Id.*). Plaintiff seeks his release on a reconnaissance bond, $500,000 in compensatory damages for pain and suffering, and the removal of the Defendants from their jobs. (*Id.*).

As a threshold matter, the Court must resolve the preliminary issue of whether Plaintiff has exhausted the administrative processes that are available to him at TPCJC with respect to the allegations that he advances in this lawsuit. Under 42 U.S.C. §1997e(a), an

inmate is required to exhaust available prison remedies before bringing suit. That statute, which was enacted in 1995 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)).

Pertinent to the matter at hand, the exhaustion requirement applies to prisoner complaints alleging deliberate indifference to their serious medical needs. *Gonzalez v. Crawford*, 419 Fed.Appx. 522 (5th Cir. 2011); *Wright v. Hollingsworth*, 260 F.3d 357, 357-58 (5th Cir. 2001). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright*, 260 F.3d at 358). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.* (emphasis added). Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v.*

2

*Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)(footnote omitted); *see also Moore v. Thaler*, 436 Fed.Appx. 311, 312 (5th Cir. 2011).

Just like the plaintiffs in *Sparks v. Champagne*, No. 20-CV-0903, 2020 WL 3950091 at *2 (E.D. La. Jun. 29, 2020), *adopted*, 2020 WL 3892876 (E.D. La. Jul. 10, 2020), *Tillman v. Gaspard*, No. 19-CV-12819, 2019 WL 5847012 at *2 (E.D. La. Oct. 17, 2019), *adopted*, 2019 WL 5810335 (E.D. La. Nov. 6, 2019), *Naquin v. Larpenter*, No. 18-CV-14199, 2019 WL 3229358 (E.D. La. Jul. 17, 2019), *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013), *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), and *Lathers v. Nelson Coleman Correctional Center*, No. 07-CV-2891, 2007 WL 1702780 at *3 (E.D. La. Jun. 11, 2007), Plaintiff admits on the face of his complaint, in answer to Question No. II(A) of the pre-printed 42 U.S.C. §1983 complaint form, that TPCJC has a prisoner grievance procedure in place at that facility. (Rec. doc. 1, p. 3). [1/]  Indeed, Plaintiff attached to his complaint a copy of a grievance he initiated on March 27, 2020 requesting COVID-19 testing that was denied by Lieutenant Schwausch on March 30, 2020 as well as two other grievances he initiated within five minutes of each other on March 31, 2020 that were both denied by Captain R. Ledet on that same date. (Rec. doc. 1, pp. 7-9).  In answer to the specific question of whether he had "… exhausted or completed all steps in the procedure, including appeals" Plaintiff candidly answered "No," explaining that failure in a follow-up question that "[m]y grievances were dismissed" which the Court construes

---

[1/] The grievance procedure in place at TPCJC is a three-step process.  *See*, e.g., rec. doc. 1, pp. 8, 9 in No. 20-CV-1892.  *See also Delaune v. Haydel*, No. 12-CV-2727, 2013 WL 5570325 at *2 (E.D. La. Oct. 9, 2013), *recon. denied*, 2013 WL 6780604 (E.D. La. Dec. 19, 2013); *Walcott v. Crabtree*, No. 13-CV-0071, 2013 WL 5236643 at *3 (E.D. La. Sept. 13, 2013).

3

as a reference to the three grievances he attached to his complaint as described above. (Rec. doc. 1, p. 3). As Plaintiff makes clear on the face of his complaint that he has not fully exhausted the remedies that were available to him through the TPCJC prisoner grievance procedure prior to filing suit, his complaint should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809 (1999); *Sparks*, 2020 WL 3892876 at *1; *Lathers*, 2007 WL 1702780 at *3. *See also Plaisance v. Cain*, 374 Fed.Appx. 560, 561 (5th Cir. 2010)(citing *Wright*, 260 F.3d at 359).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's Rule 12(b)(6) motion be dismissed as moot and that Plaintiff's suit be dismissed without prejudice for failure to exhaust available prison administrative remedy procedures, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this  15th  day of              October            , 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE