## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JASON JOSEPH RODRIGUE**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 20-1811**

**RICHARD PETIE NEAL, et al.**                            **SECTION: "G"(5)**


### ORDER AND REASONS

Before the Court is a Motion to Amend filed by Plaintiff Jason Joseph Rodrigue ("Plaintiff").[1] Plaintiff, a Louisiana state prisoner incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC"), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging inadequate response by TPCJC personnel to the COVID-19 pandemic and inadequate treatment for inmates like himself who were affected.[2] Pursuant to Local Rule 73.2, the case was referred to a Magistrate Judge to prepare a Report and Recommendation. The Magistrate Judge recommended that Plaintiff's claims be dismissed without prejudice for failure to exhaust available prison administrative remedy procedures but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.[3] Plaintiff did not file an objection to the Report and Recommendation. Instead, Plaintiff filed the instant Motion to Amend, wherein Plaintiff seeks leave of Court to file an Amended Complaint raising new claims regarding the adequacy of the medical care he received at TPCJC following a car accident.[4] Considering the Complaint, the

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1 at 4.

[3] Rec. Doc. 16.

[4] Rec. Doc. 17.

1

Motion to Amend, the Report and Recommendation, the record, and the applicable law, the Court grants the Motion to Amend, adopts the Report and Recommendation, and dismisses Plaintiff's claims regarding COVID-19 without prejudice for failure to exhaust available prison administrative remedy procedures.

## I. Background

On June 25, 2020, Plaintiff filed a complaint in this Court naming as defendants Dr. Richard Petie Neal, the former Warden of TPCJC Stephen Bergeron, the former Sheriff of Terrebonne Parish Jerry Larpenter, and Correctional Officer T. Schwaush (collectively, "Defendants").[5] Plaintiff alleges that he tested positive for COVID-19 in April 2020 after coming into contact with a correctional officer who was infected with the virus.[6] Plaintiff complains of the efficacy of the measures in place at TPCJC to address the pandemic.[7] Plaintiff asserts that TPCJC provided inadequate treatment to inmates like himself who were affected.[8] Plaintiff seeks his release on a reconnaissance bond, $500,000 in compensatory damages for pain and suffering, and the removal of the Defendants from their jobs.[9]

On September 2, 2020, Dr. Neal filed a motion to dismiss.[10] Thereafter, the Magistrate Judge issued a Report and Recommendation, recommending that the case be dismissed on alternative grounds and that the motion to dismiss be denied as moot.[11] Specifically, the Magistrate

---

[5] Rec. Doc. 1.

[6] *Id*. at 4.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] Rec. Doc. 15.

[11] Rec. Doc. 16 at 1.

Judge recommended that the case be dismissed for Plaintiff's failure to exhaust the administrative process available to him at TPCJC.[12] In response to a question on the form Complaint of whether Plaintiff had "… exhausted or completed all steps in the procedure, including appeals" Plaintiff answered "No," explaining that his "grievances were dismissed."[13] Because Plaintiff made clear on the face of the Complaint that he did not fully exhaust the remedies that were available to him through the TPCJC prisoner grievance procedure prior to filing suit, the Magistrate Judge recommended that the Complaint be dismissed without prejudice, but recommended dismissal with prejudice for the purpose of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.[14]

Plaintiff did not file an objection to the Report and Recommendation. Instead, Plaintiff filed a Motion to Amend the Complaint.[15] In the Motion, Plaintiff seeks leave of Court to brings a new claim for inadequate medical care, stating that he was involved in a car accident and is not receiving proper treatment at TPCJC.[16] Plaintiff seeks to add the current Sheriff of Terrebonne Parish Tim Soignet and the current Warden of TPCJC Ronda Ledet as defendants.[17] Defendants did not file any opposition to the Motion to Amend.

## II.  Standard of Review

### A.    *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition

---

[12] *Id*. at 3.

[13] *Id*.

[14] *Id*. at 4.

[15] Rec. Doc. 17.

[16] *Id*. at 4.

[17] *Id*. at 3.

to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[18] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[19] The district judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected to."[20] However, a district court's review is limited to plain error of parts of the report not properly objected to.[21]

**B.    Standard for Frivolousness**

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[22] A complaint is frivolous if it lacks an arguable basis in law or fact.[23] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[24] It lacks a basis in facts if "the facts alleged are clearly baseless."[25] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[26]

### III.   Law and Analysis

The Magistrate Judge recommended that Plaintiff's claims regarding the inadequacy of the treatment provided to him after he tested positive for COVID-19 be dismissed without prejudice

---

[18] 28 U.S.C. §636(b)(1)(B).

[19] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[20] Fed. R. Civ. P. 72(b)(3).

[21] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[22] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[23] *Id*.

[24] *Id*.

[25] *Id*.

[26] See 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

for failure to exhaust available prison administrative remedy procedures but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.[27] Plaintiff does not object to the Report and Recommendation.

Pursuant to 42 U.S.C. §1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[28] The exhaustion requirement applies to prisoner claims alleging denial of medical care or deliberate indifference to serious medical needs.[29] "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."[30]

Generally, the exhaustion requirement must be asserted by the defendant as an affirmative defense.[31] However, "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."[32] If a prisoner fails to exhaust the prisoner grievance procedure prior to filing suit, the complaint should be dismissed without prejudice, but the dismissal may be considered with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[33]

---

[27] Rec. Doc. 16.

[28] *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516 (2002)).

[29] *Gonzalez v. Crawford*, 419 F. App'x 522 (5th Cir. 2011).

[30] *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[31] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

[32] *Id*.

[33] *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999).

The Complaint makes clear that Plaintiff failed to exhaust his administrative remedies with respect to his claims regarding the adequacy of the medical care he received after he tested positive for COVID-19 and the efficacy of the measures taken by TPCJC staff in response to the pandemic.[34] Therefore, these claims must be dismissed without prejudice for failure to exhaust administrative remedies. Because the claims regarding Plaintiff's treatment for COVID-19 must be dismissed for failure to exhaust administrative remedies, the motion to dismiss those claims filed by Dr. Richard Petie Neal is moot.[35]

Separately, Plaintiff seeks leave of Court to amend the Complaint to add claims regarding the adequacy of his treatment following a car accident. Unlike the original Complaint, the proposed Amended Complaint is silent regarding whether Plaintiff exhausted his administrative remedies with respect to these claims. Therefore, the Court cannot raise this issue *sua sponte*.[36] Defendants have not filed an opposition to the Motion to Amend. Moreover, Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires."[37] Accordingly, the Court grants the Motion to Amend.

As a final matter, the Magistrate Judge recommended that the claims regarding Plaintiff's treatment for COVID-19 be dismissed without prejudice but that the dismissal be considered with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[38] Recently, the Supreme Court clarified that a dismissal without prejudice counts as a "strike" under the Prison Litigation Reform Act's ("PLRA") three-strikes rule, which prevents a prisoner from

---

[34] Rec. Doc. 1 at 3.

[35] Rec. Doc. 15.

[36] *Carbe*, 492 F.3d at 328.

[37] Fed. R. Civ. Pro. R. 15(a).

[38] Rec. Doc. 16 at 4 (citing *Underwood*, 151 F.3d at 296).

bringing suit *in forma pauperis* if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."[39] However, when a court grants a plaintiff leave to amend the complaint, the plaintiff is not charged with a "strike" under the PLRA.[40] Because the Court has granted Plaintiff leave to amend the Complaint, the dismissal of the claims regarding Plaintiff's treatment for COVID-19 does not count as a "strike" under the PLRA.

## IV. Conclusion

The Complaint makes clear that Plaintiff failed to exhaust his administrative remedies with respect to his claims regarding the adequate medical care he received after he tested positive for COVID-19 and the efficacy of the measures taken by TPCJC staff in response to the pandemic. Therefore, these claims must be dismissed without prejudice for failure to exhaust administrative remedies. Because the claims regarding Plaintiff's treatment for COVID-19 must be dismissed for failure to exhaust administrative remedies, the motion to dismiss those claims filed by Dr. Richard Petie Neal is moot. However, the Court will allow Plaintiff to amend the complaint to bring claims regarding the adequacy of his treatment following a car accident. Pursuant to Local Rule 73.2, the Court refers the Amended Complaint to the Magistrate Judge to prepare an additional Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation. Plaintiff's claims regarding the adequacy of the medical care he received after he tested positive for COVID-19 and the efficacy of the measures taken by TPCJC staff in response to the pandemic are dismissed without prejudice for failure to exhaust administrative remedies.

---

[39] *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

[40] *Id.* at 1725, n.4.

**IT IS FURTHER ORDERED** that Defendant Richard Petie Neal's Motion to Dismiss[41] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend[42] is **GRANTED.** The Amended Complaint shall be filed into the record and is **REFERRED** to the Magistrate Judge to prepare an additional Report and Recommendation.

**NEW ORLEANS, LOUISIANA,** this ___2nd___ day of August, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[41] Rec. Doc. 15.

[42] Rec. Doc. 17.